


Ma. Elena G. Pelayo
PMB 48 Box 10001
Saipan, MP 96950
Tel.:  (670) 989-5127

Pro Se

F I L E D
Clerk
District Court

FEB 2 0 2013

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

MA. ELENA G. PELAYO,  )  Civil Action No. 13- v 005

Plaintiff,  )

-v-  )  **COMPLAINT**

PACIFIC ENTERTAINMENT  )
GROUP dba Club Chicago and  )
HAYDEN CORPORATION,  )

Defendants.  )
)

## I
## NATURE OF THE ACTION

1.     This is an action under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2003-17 for Defendants' unlawful, discriminatory employment practices towards Plaintiff in violation of Plaintiff's federally-protected rights, and for actions in tort and contract under applicable Commonwealth of the Northern Mariana Islands (CNMI) law.

2.     Plaintiff complains about employment discrimination based on sex and other impermissible grounds described in this Complaint, including, but not limited

-1-

to: (a) discriminatory policies, practices, and/or procedures in firing, layoffs, compensation, benefits, discipline, job assignments and employment benefits; (b) breach of contract; and (c) breach of implied covenant of good faith and fair dealing.

3.    Plaintiff is seeking declaratory relief, punitive, expectation, incidental, and consequential damages, costs, and attorney's fees to redress Defendants' unlawful discriminatory and retaliatory employment policies, practices, and/or procedures and related Commonwealth-law claims.

## II
## JURISDICTION AND VENUE

4.    Title VII of Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.*, as amended (Title VII) applies to this matter through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Article V, § 502(a)(2).

5.    This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331(a) (federal question jurisdiction), and 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

6.    This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e-5(f)(1) and (3).

7.    This Court has jurisdiction over Plaintiff's non-Title VII claims pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

8.    The employment practices alleged herein to be unlawful and discriminatory were committed in Saipan, Commonwealth of the Northern Mariana Islands.  Consequently, venue in this Court is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3).

### III
### PROCEDURAL REQUIREMENTS

9.    On or about April 29, 2008, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in Saipan, Commonwealth of the Northern Mariana Islands.  The charge was filed within one hundred eighty (180) days after the occurrence of one or more of the unlawful employment practices alleged herein pursuant to 42 U.S.C. § 2000e-5(e)(1) and 29 U.S.C. § 626(d)(1).

10.    A true copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit "1" and incorporated by reference.

11.    On or about November 15, 2012, the EEOC issued to Plaintiff a Notice of Right to Sue (Conciliation Failure).  Plaintiff is filing this complaint within ninety (90) days after the date on which she received the Notice of Right to Sue in compliance with 42 U.S.C. § 2000e- 5(f)(1) and 29 U.S.C. § 626(e).  Attached as Exhibit "2" and incorporated by reference is a copy of the Notice of Right to Sue dated June 6, 2012.

12.     Consequently, all jurisdictional prerequisites to the institution of this lawsuit have been fulfilled, and Plaintiff has exhausted her administrative remedies as required by law.

**IV**
**PARTIES**

13.     Plaintiff **MA. ELENA G. PELAYO** is a citizen of the Republic of the Philippines who resides, and at all relevant times, resided in Saipan, Commonwealth of the Northern Mariana Islands (CNMI).  Plaintiff, at all relevant times, was an employee of Defendants, within the meaning of 42 U.S.C. § 2000.e(f) and 29 U.S.C. § 630(f).

14.     Defendant **PACIFIC ENTERTAINMENT GROUP *dba* CLUB CHICAGO** ("CLUB CHICAGO), on information and belief, is, and all relevant times, was a corporation organized and existing under the laws of the CNMI having its principal place of business on Saipan, CNMI, and was an employer of Plaintiff as defined under 42 U.S.C. § 2000e(f) and 29 U.S.C. § 630(b).

15.     Defendant **HAYDEN CORPORATION**, on information and belief, is, and all relevant times, was a corporation organized and existing under the laws of the CNMI having its principal place of business on Saipan, CNMI, and was an employer of Plaintiff as defined under 42 U.S.C. § 2000e(f) and 29 U.S.C. § 630(b).

**V**
**STATEMENT OF FACTS**

16.     The facts are as appears in Plaintiff's EEOC Questionnaire attached hereto as Exhibit "3" and incorporated by reference.

17.     The facts further are as appears in the EEOC's Determination issued July 27, 2011 in Plaintiff's case and attached hereto as Exhibit "4" and incorporated by reference.

18.     The facts further are as stated in EEOC's Amended Determination issued December 12, 2011 issued December 12, 2011 in Plaintiff's case and attached hereto as Exhibit "5" and incorporated by reference.

**VI**
**CAUSES OF ACTION**

**First Cause of Action**
**(Pregnancy Discrimination)**

19.     Paragraphs 1 through 18 above are incorporated herein by reference as if fully pleaded in this First Cause of Action.

20.     The discriminatory acts alleged above, including, but not limited to, Plaintiff's loss of employment on account of her pregnancy, constitute unlawful employment practices under 42 U.S.C. §§ 2000e to 2003-17.

21.     Defendants' discriminatory employment practices as alleged above deprived Plaintiff of equal employment opportunities or otherwise affected her status as an employee because of her sex.

22.     Defendants engaged in the above-described conducts against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

## Second Cause of Action
(Breach of Contract)

23.   Paragraphs 1 through 18 above are incorporated herein by reference as if fully pleaded in this Second Cause of Action.

24.   At all relevant times, Defendants represented to Plaintiff, in various writings or oral agreement, including but not limited to the, employment contract, that their employment relationship with Plaintiff would be based upon good faith, that Plaintiff would be treated fairly and equitably, that Plaintiff would be judged on the basis of individual merit and ability, that Plaintiff would not be discriminated against, and that Plaintiff would receive just compensation for her services rendered to Defendants. These provisions and representations form part of Plaintiff's employment contract with Defendants.

25.   Prior to Plaintiff's discharge, Plaintiff had performed all conditions, covenants, promises, duties, and responsibilities required of her to be performed in accordance and in conformity with her employment contract with Defendants.

26.   By discharging  Plaintiff on account of her pregnancy, Defendants breached Plaintiff's employment contract and wrongfully failed to judge Plaintiff on the basis of merit and ability, and wrongfully and without lawful cause terminated Plaintiff on account of her pregnancy.

27.     Based on Defendant's breach of contract as mentioned above, Plaintiff is entitled to expectation, incidental, and consequential damages in an amount to be determined at trial.

## Third Cause of Action
(Breach of Implied Covenant of Good Faith and Fair Dealing)

28.     Paragraphs 1 through 18 are incorporated herein by reference as if fully pleaded in this Third Cause of Action.

29.     The employment contract has implied in law a covenant of good faith and fair dealing by which Defendants promised to give full cooperation to Plaintiff in her performance under the employment contract and to refrain from any act that would prevent or impede Plaintiff from performing all of the conditions of the agreement.

30.     Defendants breached their implied covenant of good faith and fair dealing with Plaintiff by, among others, wrongfully terminating Plaintiff on account of her pregnancy.

31.     As a direct and proximate result of Defendant's breach of the covenant of good faith and fair dealing, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employee benefits that he would have received had Defendants not breached the agreement, in an amount to be determined at trial.

32.     As a further proximate result of the above-mentioned acts, Plaintiff has suffered humiliation, mental pain and anguish, all to Plaintiff's damage in an amount to be proven at trial.

33.     The above-mentioned acts of Defendants were willful, wanton, malicious, and oppressive, and justify an award of punitive and exemplary damages in an amount to be determined at trial.

### Fourth Cause of Action
(Intentional Infliction of Emotional Distress)

34.     Paragraphs 1 through 18 above are incorporated herein by reference as if fully pleaded in this Fourth Cause of Action.

35.     Defendants, in committing the above-described acts, intended to and did inflict severe emotional distress upon Plaintiff.  Defendants acted with a reckless disregard of the probability of causing emotional distress to Plaintiff.

36.     As a direct result of the outrageous acts and omissions, conduct, and discrimination, Plaintiff became physically distraught and sustained shock to her nervous system and suffered severe emotional distress, all resulting in damages to his in an amount to be proven at trial.

37.     Defendant engaged in the above-described conduct against Plaintiff with malice and in reckless disregard of Plaintiff's federally-protected rights thereby entitling Plaintiff to punitive damages in an amount to be determined at trial.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests for the following relief:

(1)     An award of compensatory and punitive damages according to law and proof;

(2)     An award of expectation, incidental and consequential damages according to law and proof;

(3)     An award of lost earnings according to law and proof; and

(4)     Such other and further relief as the Court deems just and proper.

DATED this 19th day of February, 2013.


_____
MA. ELENA PELAYO
Pro Se

04-25-08    09:01pm    From-U.S. EEOC                    808-541-3390              T-697  P.002/003  F-045
EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 486-2008-00310 |
| | | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Ma. Elena G. ~~Palayo~~ Pelayo  e-pelay (signature) | (670) 235-0638 | 01-12-1977 |

Street Address                     City, State and ZIP Code
P.O. Box 500516, Saipan, MP 96950

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| PACIFIC ENTERTAINMENT CORP. | 15 - 100 | (670) 287-5954 |

Street Address                     City, State and ZIP Code
Dba Club Chicago, Pmb 898 Box 10001, Saipan, MP 96950

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address                     City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☐ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest            Latest
03-28-2008      03-28-2008

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In November 2004, I was hired by the above-named employer. My last job title was Waitress.

On or about March 29, 2008, I contacted Laura Jalandoni (owner) and inquired about the renewal of my employment contract. In our conversation, I informed Jalandoni that I was pregnant. In response, Jalandoni told me that she would not renew my contract because of my pregnancy. I was also only allowed to work until March 31, 2008. My employment contract expires on May 5, 2008.

I am aware of other female employees (Maybel, Monique, Anna and Joey) who employment contracts were not renewed after they informed Jalandoni about their pregnancies.

I believe that I have been discriminated against because of my sex (pregnant female) in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Also, I believe females as a class have been discriminated against because of their sex and pregnancies.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 04/29/08    X e-pelay (signature) Date            Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT "1"

NOV. 15. 2012 2:04PM                                                     NO. 2411   P. 2

DbbEEOC Form 161-A (11/09)          **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: Ma. Elena G. Pelayo | From: Honolulu Local Office |
|---|---|
| Pmb 48, P. O. Box 10061 | 300 Ala Moana Blvd |
| Saipan, MP 96950 | Room 7-127 |
| | Honolulu, HI 96850 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 486-2008-00310 | Raymond Griffin, Jr.,<br>Investigator | (808) 541-3721 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Timothy A. Riera*          11/15/12

Enclosures(s)                        **Timothy A. Riera,**
                                     **Director**                      *(Date Mailed)*

cc:  **PACIFIC ENTERTAINMENT CORPORATION**
     c/o Mark Hansen, Esq
     PMB 738, P.O. Box 10000
     Saipan MP 96950

*Rcvd. on Saipan: Nov. 16, 2012*

*Glen Coeworker*

*Lcvd: 11/19/2012*

*Maria S. Pelayo*

*EXHIBIT "2"*

·NOV. 15. 2012  2:04PM                                                    NO. 2411   P. 3

Enclosure with EEOC
Form 1619A (11/09)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS  --  Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive this Notice*. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS  --  Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION  --  Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE  --  All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Honolulu Local Office**

300 Ala Moana Blvd, Room 7-127
P.O. Box 50082
Honolulu HI 96850
Toll Free: (800) 669-4000
Toll Free TTY: (808) 669-6820
Status Line: (866) 408-8075
Direct Dial: (808) 541-3118
TTY: (808) 541-3131
Fax: (808) 541-3390

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. **Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a." Please print.**

### 1. Personal Information

Last Name: ~~PALAYO~~ PELAYO    First Name: MA. ELENA    MI: GARCIA

Street or Mailing Address: P. O BOX 500516    Apt Or Unit #: _____

City: SUSUPE    County: SAIPAN    State: MP    Zip: 96950

Phone Numbers: Home: (670) 235 0638    Work: (___) _____

Cell: (___) 484 4900    Email Address: _____

Date of Birth: JAN 12. 77    Sex: Male ___ Female ✓    Do You Have a Disability? Yes ☐ No ✓

**Please answer each of the next three questions.** i. Are you Hispanic or Latino?  Yes ☐  No ✓

ii. What is your Race? Please choose all that apply.   ☐ American Indian or Alaska Native   ✓ Asian

☐ Black or African American   ☐ Native Hawaiian or Other Pacific Islander   ☐ White

iii. What is your National Origin?    FILIPINO

Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:

Name: ~~FREDDIE CAPO~~ FREDDIE CAPO  Relationship: LIVE IN PARTNER

Address: P. O BOX 50516    City: SAIPAN    State: MP Zip Code: 96950

Home Phone: (670) 235 0638 Other Phone: (___) 484 4900

**I believe that I was discriminated against by the following organization(s): (Check those that apply)**

Employer_____ Union_____ Employment Agency_____ Other (Please Specify) _____

### 2. Organization Contact Information

Organization #1 Name: LAURA JALANDONI

City: _____ State: MP Zip: 96950   Phone :( 670 287-5954

Address: PMB 898 BOX 10001   County: SAIPAN

Type of Business: CLUB CHICAGO Job Location if different from Org. Address: GARAPAN

Human Resources Director or Owner Name: CHENG TAN    Phone: 233 9405

Number of Employees in the Organization at All Locations: Please Check (✓) One

Less Than 15 ☐   15 – 100 ☐   101 – 200 ☐   201 – 500 ☐   More than 500 ☐

Organization #2 Name: _____

Address: _____ County: _____

City: _____ State: ___ Zip: ___ Phone :(___) _____

EXHIBIT "3"

Type of Business: _____ Job Location if not at Org. Address: _____

Human Resources Director or Owner Name: _____ **Phone:** _____

**Number Of Employees In The Organization At All Locations:** please check (✓) one

Less Than 15 ☐    15 – 100 ☐    101 – 200 ☐    201 – 500 ☐    More than 500 ☐

3.  **Your Employment Data** (Complete as many items as you can)

Date Hired: _NOV 2004_    Job Title At Hire: _DANCER_

Pay Rate When Hired: _3.50_    Last or Current Pay Rate: _3.55_

Job Title at Time of Alleged Discrimination: _( WAITRESS )   MAR. 29. 2008_

Name and Title of Immediate Supervisor: _LAURA VALANDONI_

If Applicant, Date You Applied for Job _____ Job Title Applied For _____

4. **What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you are over the age of 40 and feel you were treated worse than younger employees **or** you have other evidence of discrimination, you should check (✓) **AGE**. If you feel that you were treated worse than those not of your race **or** you have other evidence of discrimination, you should check (✓) **RACE**. If you feel the adverse treatment was due to multiple reasons, such as your sex, religion and national origin, you should check all three. If you complained about discrimination, participated in someone else's complaint or if you filed a charge of discrimination and a negative action was threatened or taken, you should check (✓) **RETALIATION**.*

Race ☐  Sex ☐  Age ☐  Disability ☐  National Origin ☐  Color ☐  Religion ☐  Retaliation ☐  Pregnancy ☑

Other reason (basis) for discrimination (Explain). _____

5. **What happened to you that you believe was discriminatory?  <u>Include the date(s) of harm, action(s) and include the name(s) and title(s) of the persons who you believe discriminated against you.</u>  (Example: 10/02/06 – Written Warning from Supervisor, Mr. John Soto)**

Date: _____
Action: _____

Name and Title of Person(s) Responsible: _____

Date: _____
Action: _____

Name and Title of Person(s) Responsible _____

Describe any other actions you believe were discriminatory.

\* NO DAY OFF =
\* NO CHECK STUB = WE ONLY RECEIVED OUR SALARY "CASH"
\* NO CONTRACT AGREEMENT = I DONT HAVE ANY COPY OF ANY DOCUMENT SUCH AS CONTRACT
\* THREATHENING =

**(Attach additional pages if needed to complete your response.)**

6. What reason(s) were given to you for the acts you consider discriminatory? By whom? Title?

I NEVER DENIED THAT I WAS PREGNANT, BUT (SHE) LAURA VALANDONI TOLD ME TO STOP WORKING, & TO LOOK (SEEK) FOR ANOTHER EMPLOYER. VERBALLY SHE SAID THAT SHE WOULD PAY ME TILL MY FINISH CONTRACT. MAR. 29. OFFICIALLY SHE TOLD ME THAT SHE WILL NO LONGER RENEW MY CONTRACT. I HUMBLY ASK HER FOR HELP. BUT INSTEAD I DECIDED TO SEEK ANOTHER HELP.

7. Name and describe others who were in the same situation as you. Explain any similar or different treatment. Who was treated worse, who was treated better, and who was treated the same? Provide race, sex, age, national origin, religion, and/or disability status of comparator if known and if connected with your claim of discrimination. Add additional sheets if needed.

Full Name    Job Title    Description

1. _____

2. _____

3. _____

Answer questions 8-10 only if you are claiming discrimination based on disability. If not, skip to question 11.

8. Please check all that apply:  □ Yes, I have an actual disability
                                 □ I have had an actual disability in the past
                                 □ No disability but the organization treats me as if I am disabled

9. If you are alleging discrimination because of your disability, what is the name of your disability? How does your disability affect your daily life or work activities, e.g., what does your disability prevent or limit you from doing, if anything? (Example: lifting, sleeping normally, breathing normally, pulling, walking, climbing, caring for yourself, working, etc.).

_____
_____
_____
_____
_____

10. Did you ask your employer for any assistance or change in working condition because of your disability?
    YES □  NO □

    Did you need this assistance or change in working condition in order to do your job?
    YES □  NO □

If "YES", when? _____ To whom did you make the request? Provide full name of person _____ How did you ask (verbally or in writing)? _____

Describe the assistance or change in working condition requested?
_____
_____
_____

**11. Are there any witnesses to the alleged discriminatory incidents?  If yes, please identify them below and indicate what they will say. Add additional pages if necessary.**

NAME  JOB TITLE          ADDRESS & PHONE NUMBER

A. MONIQUE                    CHINA TOWN      233 5480

NAME  JOB TITLE          ADDRESS & PHONE NUMBER

B. CINDY   SAPNE             CHINA TOWN    ✓ 286 0930

NAME  JOB TITLE          ADDRESS & PHONE NUMBER

C. JEXNABEL  HUANG        :               322-5097 / 2877847

**12. Have you filed a charge previously in this matter with EEOC or another agency? YES ☐  NO ☑**

**13. If you have filed a complaint with another agency, provide name of agency and date of filing:**

**14.  Have you sought help about this situation from a union, an attorney, or any other source?**
YES ☐  NO ☐   - If yes, from whom and when?  Provide name of organization, name of person you spoke with and date of contact. Results, if any?

✓  _e pelayo_

**Signature**

APRIL  23 · 2008

**Today's Date**

If you have not heard from an EEOC office within 30 days of mailing this form, please call toll-free number shown on the letter accompanying this form.  Provide the tracking number on the attached cover letter.  Please make a copy of this form for your records before mailing.

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1. FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (10/2006).
2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a)
3. PRINCIPAL PURPOSE.  The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s).
4. ROUTINE USES.  Information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination and to provide such charge filing counseling as is appropriate. Information provided on this form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. Information may also be disclosed to respondents in connection with litigation.
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION.  The providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not mandatory that this form be used to provide the requested information.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Honolulu Local Office**

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
(808) 541-3120
TTY (808) 541-3131
FAX (808) 541-3390

Date: _MARCH 7, 2011_

Name: _MARIA ELENA GARCIA PELAYO_

EEOC Charge Number: _____

**Backpay**

If you were terminated /laid off/ forced to resign or were not hired, please provide the following information:

1. Rate of Pay at Respondent Company: $ _8.55_
2. Average Hours Worked or Would have Worked per week: _42 HOURS_

All benefits received by working at Respondent Company:  (e.g. employer's monthly health care contribution, dental, vision care contribution, retirement/401k plan contribution, annual vacation sick leave, flex time,  paid holidays received, overtime, annual bonuses, social security benefits, fringe benefits, annual raises.  State the monetary value of each benefit (e.g. usually received 50 hours of overtime per year at a rate of $15 per hour = $750.)

| Type of Benefit | Value of Benefit |
| --- | --- |
| NO BENEFITS. | |
| | |
| | |
| | |
| | |

**Mitigation**
Were you offered your job back (or an equivalent position?)  YES  or  (NO)
If YES, on what date were you offered your job back? _____

For **each** job you have held since the day you left Respondent company to the present please provide the following information: ~~####~~ NONE

| **Name of Employer:** | |
|---|---|
| Job Title: | |
| Rate of Pay: | |
| Rate of Pay (Overtime): | |
| Date Started employment: | |
| Date Ended employment: | |
| Total Pay Earned (wage statement): | |
| Benefits(identify type of benefit & monetary value of each benefit): | |
| Other: | |
| Other: | |

| **Name of Employer:** | |
|---|---|
| Job Title: | |
| Rate of Pay: | |
| Rate of Pay (Overtime): | |
| Date Started employment: | |
| Date Ended employment: | |
| Total Pay Earned (wage statement): | |
| Benefits(identify type of benefit & monetary value of each benefit): | |
| Other: | |
| Other: | |
| **Name of Employer:** | |

| | |
|---|---|
| Job Title: | |
| Rate of Pay: | |
| Rate of Pay (Overtime): | |
| Date Started employment: | |
| Date Ended employment: | |
| Total Pay Earned (wage statement): | |
| Benefits(identify type of benefit & monetary value of each benefit): | |
| Other: | |
| Other: | |

| | |
|---|---|
| **Name of Employer:** | |
| Job Title: | |
| Rate of Pay: | |
| Rate of Pay (Overtime): | |
| Date Started employment: | |
| Date Ended employment: | |
| Total Pay Earned (wage statement): | |
| Benefits(identify type of benefit & monetary value of each benefit): | |
| Other: | |
| Other: | |

If you were not employed since leaving Respondent Company, indicate all actions you took to find another job (ie sent resumes or applications to XYZ Company(s) on 3/27/06, 5/25/06, etc. attended job fairs on 4/25/06, 5/1/06, etc. attended job interviews on 6/1/06, 6/10/06, etc.

registered with employment agencies, checked job boards at XYZ location.  Please be as specific as possible regarding type of actions you took and the dates:

I DID NOT APPLY OR HUNT FOR A JOB THAT TIME BECAUSE
I'M WAITING FOR THE RESOLUTION OF MY CASE FROM THE US
LABOR OMBUDSMAN'S OFFICE AND MY WORK PERMIT ALREADY EXPIRED.
I GAVE BIRTH AND UP TO THE PRESENT I'M STILL UNEMPLOYED
BECAUSE OF MY PENDING CASE, AND I DON'T HAVE LEGAL STATUS
TO WORK UNTIL MY CASE HAS FINALITY.

Did you turn down any job(s) offered to you?  YES or NO.  If YES, please provide the rate of pay for the job(s) and the reason why you turned the job(s) down?   N/A

Rate of Pay: _____  Reason for Rejecting Job Offer: _____

Rate of Pay: _____  Reason for Rejecting Job Offer: _____

Rate of Pay: _____  Reason for Rejecting Job Offer: _____

If there are any reasons why you were unavailable to work since leaving Respondent Company, please indicate the reason and the date(s) unavailable:  I DON'T HAVE LEGAL —

STATUS TO WORK AND I'M WAITING FOR THE RESOLUTION
OF MY CASE FILED WITH THE US LABOR OMBUDSMAN OFFICE.

Indicate all other income received since leaving Respondent Company (e.g. separation payment, temporary disability payments, vocational rehabilitation maintenance allowance, **DO NOT** include permanent disability payments, payment for future medical expenses received through worker's compensation, unemployment compensation benefits.  For each please indicate the source of the income and the amount of income received.

N/A

If you were denied a promotion or raise, provide the following:

Rate of Pay:_____  Date Denied Raise or Promotion:_____
Rate of Pay if had received Raise or Promotion: _____

**Out of Pocket Expenses:**
Please provide all other out of pocket expenses resulting from the discrimination (e.g. job search expenses, employment agency fees, moving expenses, cost of longer commute, penalties on bills that remained unpaid because were not receiving regular salary, premium payments to get health insurance at the same level provided by former employer.  For each please provide the specific reason for the cost and the amount:

| * HOSPITAL BILLS RELATED TO MY PREGNANCY * | | |
|---|---|---|
| 5-5-08 | LABORATORY FEE | $ 50.11 |
| 10-6-08 | PREGNANCY CHECKUP | $ 40.00 |
| 10-14-08 | " " | $ 30.00 |
| 10-23-08 | " " | $ 20.00 |
| 11-06-08 | HOSPITAL SERVICES (GIVE BIRTH) | $ 150.00 |

**Compensatory Damages**

If you were harmed in a non-monetary way because of the discrimination, describe how you were affected (e.g. mental distress, physical paid, loss of sleep, marital/family strain, loss of self esteem, excessive fatigue, ulcers, headaches, anxiety, depression, lack of appetite, humiliation, injury to reputation).   Please be as specific as possible: (PLEASE ALSO COMPLETE EMOTIONAL DISTRESS DAMAGES WORKSHEET).

MENTAL DISTRESS   LOSS OF SLEEP   MARITAL /
FAMILY STRAIN, HEADACHES, ANXIETY

If you sought medical treatment because of the emotional harm, indicate who you saw, when you sought treatment, how many times you sought treatment, the names of any medications prescribed to you and the time period you took any medication:

EVERYTIME I GOT HEADACHES OR I CAN'T SLEEP
BECAUSE OF MY PENDING LABOR CASE, I JUST
TAKE MEDICINE FOR HEADACHES AND RELAX MYSELF.
THRU PRAYERS.

Please submit any medical bills for the above referenced medical treatment that you sought.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Honolulu Local Office**

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
Honolulu: (808) 541-3118
TTY (808) 541-3131
FAX (808) 541-3390

**EEOC Charge No.: 486-2008-00310**

Maria Elena Pelayo                          **Charging Party**
PMB 48 Box 10001
Saipan, MP 96950

Pacific Entertainment Group                 **Respondent**
d/b/a Club Chicago
P. O. Box 504357 CK
Saipan, MP 96950

## DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended. All requirements for coverage have been met.

Charging Party alleges that she and a class of female employees did not have their contracts renewed because of their sex, female and pregnancy, a condition of their sex.

Respondent denies Charging Party's allegations.

The Commission's investigation has determined that there is reasonable cause to believe that Charging Party and a class of female employees were subjected to discrimination based on their sex, female, in violation of Title VII. The Commission's investigation has determined that Charging Party and a class of female employees were subjected to different terms and conditions of employment and subjected to sex based sexual harassment because of their sex and/or pregnancy. The Commission's investigation has further determined that Charging Party and a class of female employees were subjected to discharge and/or constructive discharge due to their sex, female and/or pregnancy, a condition of their sex.

Therefore, I have concluded that the evidence is sufficient to establish a violation of the above cited statue.

Respondent is reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in a Commission investigation is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

EXHIBIT "4"

EEOC Charge No. 486-2008-00310
Page 2

Having determined that there is reason to believe that violations have occurred, the Commission now invites Respondent to join with it in a collective effort toward a just resolution of this matter.  If Respondent declines to enter into conciliation discussions, or if for any other reason, the Commission's representative is unable to secure an acceptable conciliation, the Director will so inform the Respondent in writing and advise them of the court enforcement alternatives available to the Commission.

Investigator, Raymond Griffin, will be contacting you shortly to being conciliation discussion. You can contact Investigator Griffin at (808) 541-3721.

On Behalf of the Commission:

7/27/11
Date

_Timothy A. Rivera (for)_

Olophius Perry, District Director
Los Angeles District Director

JAN. 12. 2012 12:26PM                                                    NO. 0989   P. 2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Honolulu Local Office**

300 Ala Moana Boulevard, Room 7-127
P. O. Box 50082
Honolulu, HI 96850-0051
Honolulu: (808) 541-3118
TTY (808) 541-3131
FAX (808) 541-3390

**EEOC Charge No.:  486-2008-00310**

Maria Elena Pelayo                          *Charging Party*
PMB 48 Box 10001
Saipan, MP 96950

Pacific Entertainment Group  d/b/a Club Chicago
P. O. Box 504357 CK
Saipan, MP 96950                                      *Respondent*

Hayden Corporation, Inc. d/b/a Hayden Corporation
P.O. Box 504357
Saipan, MP 96950                                      *Respondent*

## AMENDED DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended  All requirements for coverage have been met.

Charging Party alleges that she and a class of female employees did not have their contracts renewed because of their sex, female and pregnancy, a condition of their sex.

Respondent Pacific Entertainment Group denies Charging Party's allegations.

The Commission's investigation has determined that there is reasonable cause to believe that Charging Party and a class of female employees were subjected to discrimination based on their sex, female, in violation of Title VII. The Commission's investigation has determined that Charging Party and a class of female employees were subjected to different terms and conditions of employment and subjected to sex based sexual harassment because of their sex and/or pregnancy. The Commission's investigation has further determined that Charging Party and a class of female employees were subjected to discharge and/or constructive due to their sex, female and/or pregnancy, a condition of their sex.

Therefore, I have concluded that the evidence is sufficient to establish a violation of the above cited statue.

EXHIBIT "5"

EEOC Charge No. 486-2008-00310
Page 2

Respondents are reminded that Federal law prohibits retaliation against persons who have
exercised their right to inquire or complain about matters they believe may violate the law.
Discrimination against persons who have cooperated in a Commission investigation is also
prohibited. These protections apply regardless of the Commission's determination on the merits
of the charge.

Having determined that there is reason to believe that violations have occurred, the Commission
now invites Respondents Pacific Entertainment Corporation and Hayden Corporation to join
with it in a collective effort toward a just resolution of this matter. If Respondents decline to
enter into conciliation discussions, or if for any other reason, the Commission's representative is
unable to secure an acceptable conciliation, the Director will so inform Respondents in writing
and advise them of the court enforcement alternatives available to the Commission.

Investigator Raymond Griffin will be contacting you shortly to begin conciliation discussions.
You may also contact Investigator Raymond Griffin at (808) 541-3721.

On Behalf of the Commission:

12/13/11
Date

Timothy A. Riera (for)
Olophius Perry, District Director
Los Angeles District Director